UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANJINETTE HUDSON,<br><br>             Plaintiff,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORP.<br>D/B/A AMTRAK,<br><br>             Defendant. | Case No. 1:25-cv-207 (JMC) |

## MEMORANDUM OPINION AND ORDER

Anjinette Hudson sued Amtrak—her former employer—alleging that the company discriminated against her because of her disability. The company moved to dismiss for failure to state a claim, arguing that Hudson's failure to include allegations in the complaint about her exhaustion of administrative remedies warrants dismissal. Because failure to exhaust is an affirmative defense to be proved by Amtrak, not Hudson, Hudson did not need to include any allegations about exhaustion. And because it is not evident from the allegations that are in the complaint that Hudson failed to exhaust, the Court **DENIES** Amtrak's motion to dismiss. The Court also **DENIES** Hudson's request for Rule 11 sanctions. Amtrak's motion was not frivolous.[1]

## I.   BACKGROUND

Hudson worked at Amtrak for almost a decade. ECF 1 ¶ 1. She spent most of that time working as a clerk. *Id.* "In 2022, however, she applied to be a conductor." *Id.* That job is more physically demanding and "comes with commensurately better pay." *Id.* Amtrak "awarded"

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

Hudson the conductor position, and Hudson began training for the role. *Id.* Unfortunately, while she was in training, Hudson was in a serious car accident. *Id.* The accident left Hudson with permanent injuries. *Id.* ¶¶ 12–13. Because of those injuries, Hudson could not do what would be required of her as a conductor. *Id.* ¶ 14. Believing she could, however, still do everything required of a clerk, Hudson asked Amtrak to return her to her former role. *Id.* ¶¶ 15–16. Amtrak refused that request. *Id.* ¶ 17.

Hudson then filed this lawsuit, alleging Amtrak violated the Americans with Disabilities Act (the ADA) when it refused to reinstate her as a clerk or to engage in an interactive process to identify alternative ways she could have been accommodated. ECF 1 ¶ 27–28, 30. Amtrak moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 4-1 at 5. The company made only one argument in its motion, insisting that the Court should dismiss the complaint because Hudson "failed to exhaust the necessary administrative remedies." *Id.* Hudson argued in response that "exhaustion of remedies is an affirmative defense" and therefore cannot be the basis for dismissal unless the failure to exhaust "appear[s] on the face of the complaint." ECF 5 at 2. Hudson also asserted that she had, "in fact, exhausted her administrative remedies." *Id.*[2] Believing Amtrak's motion "meritless," Hudson asked the Court to impose sanctions. *Id.* at 1.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether a complaint survives, "a court may consider the facts alleged

---

[2] Hudson wrote in her opposition that she had "attached" her "EEOC right-to-sue notice" as "Exhibit A." ECF 5 at 2–3. But there is no "Exhibit A" attached to the brief on the docket, nor does the Court see the right-to-sue notice attached to any other filing. In its reply, Amtrak seems to concede that Hudson did in fact receive a "Notice of Right to Sue from the EEOC." ECF 7 at 2. The Court need not resolve this confusion, because it denies the motion to dismiss without needing to consider any of Hudson's filings with the EEOC.

in the complaint," along with "documents attached" to the complaint or "referred to in the complaint" and "matters of which" a court "may take judicial notice." *Page v. Comey*, 137 F.4th 806, 813–14 (D.C. Cir. 2025). "In order to go beyond testing the adequacy of the allegations of the complaint" and "consider … other factual matter outside the pleadings," the Court "must" follow the procedures of Rule 12(d), which requires "notice of the court's intention to convert the motion" "into one for summary judgment" "and a reasonable opportunity to discover and present relevant evidence." *Hurd v. D.C., Gov't*, 864 F.3d 671, 687–88 (D.C. Cir. 2017); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment.")

## III.   ANALYSIS

"Before bringing suit in federal court, ADA plaintiffs … must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it." *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997). Seeking to avail itself of that rule, Amtrak moved to dismiss because, as Amtrak puts it, Hudson's "complaint is devoid of a single allegation demonstrating that she exhausted the necessary administrative remedies." ECF 4-1 at 5. But "exhaustion is not a pleading requirement," so Hudson was "free to omit from [her] complaint allegations of fact that relate to the exhaustion issue." *Tapp v. Wash. Metro. Area Transit Auth.*, 306 F. Supp. 3d 383, 398 (D.D.C. 2016) (K.B. Jackson, J.).[3]

The reason Hudson was not required to plead exhaustion is straightforward and well settled. "[T]he usual practice under the Federal Rules is to regard exhaustion as an affirmative

---

[3] In passing, Amtrak claims that the Court lacks "subject matter jurisdiction" over Hudson's claim because of her failure to exhaust. ECF 4-1 at 5. That is wrong. "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (discussing same statutory provision that imposes exhaustion requirement for ADA claims); *see also McCann v. District of Columbia*, No. 23-cv-2398, 2025 WL 958130, at *3 (D.D.C. Mar. 31, 2025) ("Failure to exhaust administrative remedies under the ADA is an affirmative defense, not a jurisdictional requirement.").

defense." *Jones v. Bock*, 549 U.S. 199, 212 (2007). Generally, then, the Federal Rules do not require a plaintiff to plead exhaustion in her complaint, but instead put the burden on the defendant to plead the failure to exhaust "in response." *Id.* (citing Fed. R. Civ. P. 8(a), (c)). Congress can, of course, modify those rules and "transform exhaustion from an affirmative defense to a pleading requirement." *Id.* at 216. But Congress's "silen[ce] on the issue [of] whether exhaustion must be pleaded by the plaintiff or is an affirmative defense … is strong evidence that the usual practice should be followed." *Id.* at 212; *see, e.g.*, *Kim v. United States*, 632 F.3d 713, 718–19 (D.C. Cir. 2011) (concluding that exhaustion need not be pled where "nothing in the text" of a statute "supports treating exhaustion as a pleading requirement rather than an affirmative defense").

Nothing in the text of the ADA's exhaustion requirement suggests that Congress imposed a pleading requirement. The ADA's exhaustion requirement is borrowed from Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117(a) (incorporating the "powers, remedies, and procedures set forth in … 2000e-5"). As other courts have explained, the text of that statute "makes no mention of pleading requirements or questions of proof related to exhaustion." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018). That is why "several" of the courts of appeals have "ruled that Title VII exhaustion operate[s] as an affirmative defense, with the burden on the defendant." *Id.* at 490. Because the same statutory provision imposes the exhaustion requirement for both Title VII and the ADA, what is true of Title VII is true of the ADA: ADA "plaintiffs are not required to plead or demonstrate exhaustion in their complaints." *Kennedy v. Berkel & Co. Contractors, Inc.*, 319 F. Supp. 3d 236, 244 n.1 (D.D.C. 2018). Instead, "exhaustion of administrative remedies is an affirmative defense," and "the defendant bears the burden of pleading and proving it." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).

4

Nevertheless, as Amtrak rightly points out, this does not mean that "failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Jones*, 549 U.S. at 216; *see* ECF 7 at 2. Failure to exhaust can "be the basis for dismissal for failure to state a claim" when "the allegations in the complaint"—taken as true—"suffice to establish" that the defendant has met its burden on the affirmative defense. *Jones*, 549 U.S. at 215. The problem for Amtrak is that this is not such a case. "[T]o discern whether [Hudson] exhausted," the Court would "inevitably [have] to go beyond the face of the complaint and conduct further inquiry." *Kim*, 632 F.3d at 719. That's because the complaint does not say anything at all about exhaustion. *See generally* ECF 1. Indeed, that silence is the entire premise of Amtrak's motion. *See* ECF 4-1 at 5 (describing the complaint as "devoid of a single allegation" related to exhaustion).

The three district court decisions Amtrak cites, *see* ECF 4-1 at 7, do not help the company either. In one, the plaintiff refiled their complaint after the district court dismissed without prejudice a prior complaint challenging the same alleged discrimination. *See Greer v. Bd. of Trs. of D.C.*, 734 F. Supp. 3d 75, 85–86 (D.D.C. 2024). Citing its previous decision in which the court had addressed exhaustion, the court explained that the EEOC charge there—which was attached to the complaint in the first case—was filed after the statute of limitations ran. *See id.* at 86 (citing *Greer v. Bd. of Trs. of D.C.*, No. 23-2296, 2024 WL 894934, at *2–4 (D.D.C. Mar. 1, 2024), and the EEOC charge filed on docket in previous case). Another of Amtrak's cited decisions similarly involved a situation in which the factual allegations in the complaint about the timing of the discrimination suggested the plaintiff failed to timely exhaust. *See Smith v. Wright*, No. 20-3389, 2021 WL 5906040, at *5 (D.D.C. Dec. 14, 2021) (citing allegation in complaint about when the discriminatory "conduct … occurred"). Both are therefore situations where allegations "on the face of the complaint" gave rise to the exhaustion defense. *Kim*, 632 F.3d at 719.

And while that is seemingly not true of the third decision Amtrak cites, the Court notes that the plaintiff in that case did not make any arguments objecting to the dismissal of his Title VII claim for failure to exhaust. *See* Pl.'s Opp'n to Mot. to Dismiss, *Browne v. Potomac Elec. Power Co.*, No. 05-1177, 2006 WL 1825796 (D.D.C. July 3, 2006), 2005 WL 3671072 (no mention of exhaustion). That district court therefore did not consider the procedural question teed up by the parties here. In any event, this Court is bound by decisions of the Supreme Court and the D.C. Circuit, and both of those courts have made clear that where exhaustion is an affirmative defense, as it is here, dismissal is appropriate only where the "failure to exhaust … appear[s] on the face of the complaint." *Kim*, 632 F.3d at 719.

Finally, a word on Amtrak's argument that Hudson "purposely omitted alleging her underlying administrative charge and the intertwined exhaustion pleading requirement in an effort to conceal" facts related to federal preemption. ECF 7 at 3. "Preemption ordinarily is an affirmative defense" that "a defendant must plead and prove." *Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338, 345 (D.C. Cir. 2018). Just like exhaustion, then, it "can … support a motion to dismiss," but only if the federal "statute's barrier to suit is evident from the face of the complaint." *Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1267 (D.C. Cir. 2019). So insofar as the factual allegations in the complaint are insufficient for Amtrak to make out the preemption defense it hopes to "plead and prove," the company's opportunity to press its case comes via a motion under Rule 12(c) or 56, not Rule 12(b)(6). *Sickle*, 884 F.3d at 345.

That leaves only Hudson's request for Rule 11 sanctions. "[T]he imposition of Rule 11 sanctions is not something courts take lightly," and the Court declines to take such a drastic step here. *Intelsat USA Sales LLC v. Juch-Tech, Inc.*, 305 F.R.D. 3, 6 (D.D.C. 2014). Although this is not a case where failure to exhaust is a basis to dismiss the complaint, Amtrak was right that there

are such cases. Viewed objectively, its position was not so "utterly lacking in legal merit" that it qualifies as "frivolous." *ARMA, S.R.O. v. BAE Sys. Overseas, Inc.*, 961 F. Supp. 2d 245, 271 (D.D.C. 2013). And even if the Court were to find that the motion was frivolous, it would exercise its "broad discretion" to opt against the imposition of sanctions. *Hourani v. Mirtchev*, 796 F.3d 1, 17 (D.C. Cir. 2015). The Court does not believe Amtrak's motion was filed with the "inten[t] to injure," nor does the Court have reason to believe it "willful[ly]" misrepresented the law. Fed. R. Civ. P. 11, advisory committee's note to 1993 amendment.

\* \* \*

Amtrak's motion to dismiss for failure to state a claim, ECF 4, is **DENIED**. Hudson's request for Rule 11 sanctions, ECF 5, is also **DENIED**.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: November 4, 2025